E-FILED
Tuesday, 08 December, 2020 02:33:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMMEN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-CV-1349 |
| | ) | |
| LT. WINEMILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was exposed to a caustic floor sealant which was being applied to the entire floor on his housing unit when Plaintiff awoke in October 2017. Plaintiff's eyes began burning and swelling, and he had difficulty breathing. Plaintiff pleaded with Defendant Lieutenant Winemiller to remove Plaintiff from the unit and allow Plaintiff to go to the healthcare unit, but Lieutenant Winemiller refused to help Plaintiff, instead chiding Plaintiff for complaining. Plaintiff put in sick call requests but believes that Lieutenant Winemiller intercepted those requests. Plaintiff then bypassed the regular procedure for sick call requests and was able to see the doctor in December 2017. Plaintiff was prescribed eye medicine but continued to have problems which Plaintiff alleges were caused by his prolonged exposure to the toxic chemicals. Plaintiff alleges that Lieutenant Winemiller's actions were in retaliation for a grievance Plaintiff had filed against Lieutenant Winemiller in August 2017.

These allegations state a plausible Eighth Amendment claim against Defendant Winemiller for deliberate indifference to a

substantial risk of serious harm to Plaintiff from exposure to the toxic chemicals and to Plaintiff's need for medical treatment from that exposure. Plaintiff also states a claim against Defendant Winemiller for retaliating against Plaintiff for Plaintiff's grievance against Defendant Winemiller. No claim is stated against Warden Kennedy or former IDOC Director Baldwin because no plausible inference arises that they were personally involved in Defendant Winemiller's refusal to reasonably respond to Plaintiff's pleas for help. Brown v. Randle, 847 F.3d 861, 865 (7th Cir. 2017)("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates.").

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims against Defendant Winemiller: (1) Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm to Plaintiff from exposure to toxic chemicals and to Plaintiff's need for medical treatment from that exposure; and, (2) First Amendment retaliation claim. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall

not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery

requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **Defendants Baldwin and Kennedy are dismissed for failure to state a claim against them. The Court will determine whether Plaintiff states a claim against the John Doe defendant after Plaintiff identifies the John Doe Defendant. Plaintiff must identify the John Doe defendant within 60 days after the scheduling order is entered. Doe defendants cannot be served.**

12) **The clerk is directed to terminate Defendants Baldwin and Kennedy.**

13) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 12/8/2020  **s/Sue E. Myerscough**
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE